**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

| | |
|---|---|
| DOUGLAS LONGHINI, Individually, | : Case No.: |
| Plaintiff, | : |
| v. | : |
| SUNRISE-OAKLAND PARK, LLC, a Florida Limited Liability Company, LG FOOD GROUP, INC., d/b/a LA GRANJA CHICKEN STEAK AND SEAFOOD, a Florida corporation, | : |
| Defendants. | : |

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff, DOUGLAS LINGHINI (hereinafter "Plaintiff"), hereby sues the Defendants, SUNRISE-OAKLAND PARK, LLC, a Florida Limited Liability Company, LG FOOD GROUP, INC., d/b/a LA GRANJA CHICKEN STEAK AND SEAFOOD, for injunctive relief, attorneys' fees, litigation expenses and costs, for failing to make its facilities accessible to Americans with disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and alleges as follows:

**JURISDICTION & VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff's claim is authorized by Title 42 U.S.C. §§ 12181, 28 U.S.C. §§ 2201 and 2202.

3. This Court has pendant jurisdiction over any and all potential State law claims pursuant to Title 28 U.S.C. § 1367(a).

4. All of the actions or omissions complained of herein have taken place within the jurisdiction of the United States District Court for Southern District of Florida and the subject facilities are located in Miami-Dade County, Florida.  28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, DOUGLAS LONGHINI, is a resident of the State of Florida, *sui juris*, and is an individual with disabilities as defined by the ADA.

6. Plaintiff requires a wheelchair to ambulate and is limited in one or more of life's major activities, including but not limited to walking, standing, grabbing, and grasping.

7. Defendant, SUNRISE-OAKLAND PARK, LLC, a Florida Limited Liability Company, is authorized to, and does, transact business in the State of Florida.

8. Upon information and belief, SUNRISE-OAKLAND PARK, LLC, (hereinafter referred to as the "Defendant" or "SUNRISE"), is the owner and/or lessor and/or operator of the commercial facility located at 455 E. OAKLAND PARK BOULEVARD, OAKLAND PARK, FLORIDA 33334, (hereinafter referred to as "455 E. Oakland Facility", "Commercial Facility", or "Facility").

9. Defendant, LG FOOD GROUP, INC., d/b/a LA GRANJA CHICKEN STEAK AND SEAFOOD is a registered for-profit Corporation that is authorized to, and does, transact business in the State of Florida.

10. Upon information and belief, LG FOOD GROUP, INC., d/b/a LA GRANJA CHICKEN STEAK AND SEAFOOD (hereinafter referred to as the "Defendant" or "LG FOOD GROUP,"), is the owner and/or lessor and/or operator of a La Granja Restaurant located at the 455 E. Oakland Facility.

11. Plaintiff plans to return to the subject commercial facility but has encountered barriers violating the ADA, and its corresponding sections of the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG").

## GENERAL FACTS

12. On March 2, 2020, Plaintiff, a wheelchair user who has limited use of his hands, visited the La Granja Restaurant 455 E. Oakland Facility.

13. On October 10, 2020, Plaintiff re-visited the La Granja Restaurant located at the 455 E. Oakland Facility.

14. Plaintiff has a personal desire to have access to place of public accommodations in order to enjoy the full and equal enjoyment of the facilities as that of an able-bodied person. Plaintiff as an ADA tester accomplishes this goal by visiting the location, engaging all of the illegal barriers to access, or at least those he is able to access. Plaintiff intends to visit the subject place of public accommodations to verify their compliance or non-compliance with the ADA.

15. Defendant, SUNRISE, is the owner and operator of the 455 E. Oakland Facility.

16. Defendant, LG FOOD GROUP, operates a restaurant located at the commercial facility doing business as La Granja Restaurant Chicken Steak & Seafood, which is a place of public accommodation as defined by the ADA.

17. Plaintiff was not able to, and still cannot, access significant portions of the 455 E. Oakland Facility, or avail himself of the various goods and services Defendants otherwise offer to able-bodied individuals.

18. At the 455 E. Oakland Facility, the Plaintiff, encountered or has knowledge of the following barriers:

### PARKING

a. The required number of accessible parking spaces is not provided, violating Section 4.1.2(5a) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable, whose resolution is readily achievable;

### ENTRANCE ACCESS AND PATH OF TRAVEL

b. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable, whose resolution is readily achievable;

c. The plaintiff had difficulty on the path of travel at the 455 E. Oakland Facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable, whose resolution is readily achievable.

### FAILURE TO MAINTAIN ACCESSIBLE FEATURES

d. The Defendant, SUNRISE, engages in a policy and/or procedure of failing to maintain in operable working conditions those features of the parking lot, entrances access and path of travel as identified in paragraph 20 (a)-(f), in violation of 28 C.F.R. § 36.211.

19. At the La Granja restaurant, the Plaintiff encountered or has knowledge of the following barriers:

### PUBLIC RESTROOMS

a. The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided on the push side. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

b. The plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

c. The plaintiff could not use the toilet without assistance as the seat is not mounted at the required height. Violation: The water closet seats are mounted at a non-compliant height from the floor in violation of Section 4.16.3 of the ADAAG and Section 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

d. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

e. The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

f. The plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory violating Sections 4.19.5 and 4.27.4 of the ADAAG and Sections 309.4 and 606.4 of the 2010 ADA Standards, whose resolution is readily achievable

**FAILURE TO MAINTAIN ACCESSIBLE FEATURES**

g. The Defendant, LG FOOD GROUP, engages in a policy and/or procedure of failing to maintain in operable working conditions those features of the restaurant and the bathroom, entrances access and path of travel as identified in paragraph 21 (a)-(j), in violation of 28 C.F.R. § 36.211.

20. Due to the architectural barriers encountered, all areas of the premises were not experienced by Plaintiff.  Therefore, the above lists of ADA violations are not to be considered all-inclusive.  A *complete* list of violations at the commercial facility and the place of public accommodation, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives.[1]

21. Correcting each of the barriers in paragraph 18, (a) through (c) are readily achievable.

22. Correcting each of the barriers in paragraph 19, (a) through (f) are readily achievable.

23. Plaintiff intends to revisit the subject commercial facility and the place of public accommodation as identified herein.

24. The barriers prevent and deter Plaintiff from returning to the subject commercial facility and the place of public accommodation to enjoy the goods and services available to the public.

25. Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the subject commercial facility and the place of public accommodation, and has otherwise been discriminated against and damaged because of Defendants' existing ADA violations, including, but not limited to, those set forth herein.

26. The violations present at the subject commercial facility and place of public accommodation violate the ADA and infringe on Plaintiff's right to travel free of discrimination. Plaintiff desires to, and would patronize at the subject commercial facility and the place of public

---

[1] Rule 34 of the Federal Rules of Civil Procedure.

accommodation in the foreseeable future if the Defendants remedies the illegal barriers and make the subject commercial facility and the place of public accommodation accessible.

## COUNT I
### AMERICANS WITH DISABILITIES ("ADA") ACTION FOR INJUNCTIVE RELIEF

27. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans with Disabilities Act").

28. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 30 of this Complaint as if fully stated herein.

29. At all times relevant to this action, the ADA, 42 U.S.C. § 12101, *et seq.,* was in full force and effect and applies to Defendants' conduct or omissions thereof.

30. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R Part 36, were in full force and effect and applied to the Defendant's conduct.

31. The objective of the ADA is to eliminate discrimination against individual with disabilities. Section 302(a) of the ADA, 42 U.S.C. § 12182(a), prohibits discrimination "on the basis of disability in the full and equal of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

32. Section 302(b) (2) (A) (iii) of the ADA, 42 U.S.C. § 12182(b) (2) (A) (iii), provides that discrimination that discrimination under the ADA further includes "the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services" as defined under § 12102 of the ADA.

33. 28 CFR § 36.211 requires accessible elements to be maintained in accordance with the 2010 Americans with Disabilities Act Accessibility Standards.

34. It is therefore necessary to implement and adhere to a policy and procedure whereby all accessible features are properly maintained, kept in proper location, working order and remain compliant.

35. At all times relevant to this action, Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA, 42 U.S.C. § 12102.

36. At all times relevant to this action, Defendants commercial facility and the tenant space is place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181 and 28 CFR § 36.104.

37. Defendant, SUNRISE, who owns the 455 E. Oakland Facility is required to comply with the ADA. *See* 28 CFR § 36.201.

38. Defendant, LG FOOD GROUP, who owns and/or operates the restaurant La Granja Chicken Seafood & Steak, is required to comply with the ADA. *See* 28 CFR § 36.201.

39. Plaintiff has encountered and/or has knowledge of the architectural barriers at the subject commercial facility and the place of public accommodation, which deny him the full and equal enjoyment of the facilities as able-bodied persons.

40. Defendants have deprived Plaintiff the equal opportunity to freely travel without fear of being subjected to discrimination by maintaining a public accommodation with ADA violations and failing to remove such barriers existing therein.

41. Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by the ADA.

42. Defendants, through the actions outlined above, have denied Plaintiff the opportunity to participate or benefit from the services, facilities, and accommodations provided by Defendants.  42 U.S.C. §12182; 28 C.F.R. § 36.202.

43. Defendants' violations of the ADA mentioned above directly cause Plaintiff to sustain past and continuing physical and emotional injuries.  Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury because of Defendants pattern and practice of discrimination.

44. Immediate and irreparable injury, loss or damage will result to Plaintiff, and the existing loss and damage will be aggravated, if the Defendants' are not enjoined to comply with the ADA.  Plaintiff will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.  Plaintiff has no adequate remedy at law without the entry of an injunction enjoining Defendants from discriminatory barriers, policies, and practices in violation of the ADA.

45. Plaintiff has suffered, is suffering, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendant's commercial facility and the place of public accommodation.  Defendants have caused Plaintiff to suffer a sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the able-bodied public by continuing to operate a commercial facility and the place of public accommodation with discriminatory conditions in violation of the ADA.

46. Plaintiff wishes to re-visit the subject commercial facility and the place of public accommodation to avail himself of the services, programs and/or activities available at the building/property, but also to assure himself that the subject commercial facility and the place of public accommodation are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination, dignitary harm and threats to their safety, once the architectural barriers to access have been removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur.

47. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

48. Notice to Defendants are not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $50,000.00 or less).

49. All other conditions precedent have been met by Plaintiff, or waived by the Defendants.

50. The Plaintiff demands a non-jury trial on all issues to be tried herein.

51. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action.   Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants.

52. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and/or closing the subject facilities until the requisite modifications are complete.

**WHEREFORE**, Plaintiff respectfully requests:

A.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*;

B.     Injunctive relief against the Defendants, SUNRISE-OAKLAND PARK, LLC, a Florida Limited Liability Company, LG FOOD GROUP, INC., d/b/a LA GRANJA CHICKEN STEAK AND SEAFOOD, including an Order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absences of auxiliary aids and services;

C.     Award Plaintiff his reasonable attorney fees, costs and litigation expenses incurred in this action pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505;

D.     Any such other and further relief as this Court may deem proper and just under the circumstances and allowable under Title III of the American with Disabilities Act.

Dated: November 3, 2020                    Respectfully submitted,

By:/S/ Camilo F. Ortega
Camilo F. Ortega, Esq.,
Florida Bar No.: 0075387
ORTEGA LAW GROUP, P.A.,
**REGENCY SQUARE**
2440 SE FEDERAL HIGHWAY
SUITE M
STUART, FLORIDA 34994
Ph: (786) 452-9709
Fax: (772) 617-6201
E-Mail: camilo@ortegalawgroup.com
Service by E-Mail:
attorneyservice@ortegalawgroup.com